Richard Alan Dunn v. City of Bellmead
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-042-CV

     RICHARD ALAN DUNN,
                                                                         Appellant
     v.

     CITY OF BELLMEAD,
                                                                         Appellee
 

From the 19th District Court
McLennan County, Texas
Trial Court # 99-1854-1
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      The City of Bellmead (the “City”) filed suit against Richard Alan Dunn (“Dunn”) to abate
a nuisance on his property. Dunn appeals from a judgment favoring the City. Because his appeal
does not challenge the merits of the trial court’s judgment or present any preserved complaint
which is subject to review, we affirm.
BACKGROUNDDunn owns property within the city limits of the City of Bellmead, Texas. On his property,
Dunn had accumulated junk, junked vehicles, refrigerators, auto parts, lumber, and other
miscellaneous materials. The City warned Dunn on multiple occasions that the presence of the
junk, refuse, and other discarded materials created a nuisance condition under the City’s
ordinances. In spite of the warnings, Dunn failed to remove the materials from his property. The
City municipal court fined Dunn and ordered him to abate the nuisance. However, Dunn
continued to accumulate junked vehicles, junk, and other undesirable materials on his property.
      Because of the continuing condition, the City filed suit against Dunn in district court alleging
that his property constituted a common law nuisance, a nuisance per se, and was in violation of
the City’s ordinances.


 The City sought and obtained declaratory and injunctive relief requiring
Dunn to remove all accumulated junked vehicles, junk, rubbish, trash, and discarded material from
his property. The judgment also authorized the City to abate the nuisance if Dunn failed to
comply within thirty days. When Dunn failed to comply, the City abated the nuisance.
DISCUSSION
      Dunn presents five points of error on appeal. He complains that: 1) he was entitled to a
“more definite statement” of the City’s pleadings, 2) the City was required to prove his “corporate
existence,” 3) the trial court was required to take “judicial notice” of Rule 12(e) of the Federal
Rules of Civil Procedure, 4) he was denied effective assistance of counsel of choice, and 5) the
trial court failed to rule on various pre-trial motions. 
      Dunn’s appeal, however, does not challenge the merits of the trial court’s judgment requiring
him to remove undesirable materials from his property and authorizing the City to abate the
nuisance if he failed to comply. Instead, Dunn complains about various procedural aspects of the
proceedings.
      1.   “More definite statement” of the City’s pleadings
      Dunn complains generally that he was entitled to a “more definite statement” of the City’s
pleadings. Every defect, omission, or fault in a pleading, either of form or of substance, which
is not specifically pointed out by exception in writing and brought to the attention of the judge
before the judgment in a non-jury case is signed, shall be deemed to have been waived. See Tex.
R. Civ. P. 90. A special exception, governed by Rule 91, “shall not only point out the particular
pleading excepted to, but it shall also point out intelligibly and with particularity the defect,
omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading
excepted to.” Tex. R. Civ. P. 91; Muecke v. Hallstead, 25 S.W.3d 221, 224 (Tex. App.—San
Antonio 2000, no pet.).
      Dunn filed a pleading identified as a “Demand for Bill of Particulars.” To the extent this
pleading may be taken as special exceptions, it does not point out “intelligibly and with
particularity” the pleading excepted to. Also, the record does not reflect whether this “demand”
was ever presented to the trial court, and no written order granting or denying the requested relief
was obtained. We will not review an unpreserved complaint. Tex. R. App. P. 33.1. Dunn’s first
point of error is without merit and is overruled.
      2.   The City was required to prove Dunn’s “corporate existence”
      Dunn contends that the City was required to prove his “corporate existence,” citing to Rules
52 and 93 of the Rules of Civil Procedure. Because the City brought this action against Richard
Alan Dunn, an individual, and did not name a corporation as a defendant, there is no requirement
to allege that “a corporation is incorporated,” and any verified denial of such has no application
to this case. Tex. R. Civ. P. 52, 93(6). Dunn’s second point of error is without merit and is
overruled.
      3.   The trial court was required to take “judicial notice” of Rule 12(e) of the Federal Rules
of Civil Procedure

      Dunn argues that the trial court was required to take “judicial notice” of Rule 12(e) of the
Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure explicitly “govern the
procedure in the United States district courts.” See Fed. R. Civ. P. 1. They have no application
to this action in state court. Dunn’s third point of error is without merit and is overruled.
      4.   Dunn was denied effective assistance of counsel of choice
      Dunn requested a non-licensed attorney to assist him and speak on his behalf during the
proceedings. The City objected, and the trial court sustained the objection. Dunn complains this
denied him effective assistance of counsel of choice. A person may not practice law in this state
unless the person is a member of the state bar. See Tex. Gov’t Code Ann. § 81.102 (Vernon
1998). The “practice of law” includes the managing of an action or proceeding on behalf of a
client before a judge in a court. See id. § 81.101(a) (Vernon Supp. 2001). Only the Supreme
Court may issue licenses to practice law in this state. See Tex. Gov’t Code Ann. § 82.021
(Vernon 1998). Furthermore, neither the Texas Constitution nor the United States Constitution
guarantees a right to counsel in a civil suit, and therefore Dunn cannot make a claim for ineffective
assistance. Stokes v. Puckett, 972 S.W.2d 921, 927 (Tex. App.—Beaumont 1998, pet. denied);
Tex. Const. art. I, § 10; U.S. Const. amend. VI. Dunn’s fourth point of error is without merit
and is overruled.
      5.   The trial court failed to rule on various pre-trial motions
      Finally, Dunn complains that the trial court failed to rule on certain pre-trial motions. As a
prerequisite to presenting a complaint for appellate review, the record must show that the
complaint was made to the trial court by a timely request, objection, or motion and that the trial
court ruled on the request, objection, or motion, either expressly or implicitly, or refused to rule
thereon. Tex. R. App. P. 33.1. Because the record does not reflect that the trial court either ruled
or refused to rule on any of the various motions Dunn complains about, nothing is presented for
review, and Dunn’s final point of error is overruled.
CONCLUSION
      Because Dunn has failed to show error, we affirm the trial court’s judgment.
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed April 4, 2001
Do not publish