Opinion issued July 28, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00412-CV

———————————

Richard M. Owen and Marsha Long Owen, Appellants

V.

Option One
Mortgage Corporation, a/k/a Sand Canyon Corporation, Appellee



 



 

On Appeal from the 164th District Court

Harris County, Texas



Trial Court Case No. 2007-73275

 



 

MEMORANDUM OPINION

          Appellants,
Richard M. Owen and Marsha Long Owen (“the Owens”), appeal the trial court’s
dismissal of their tort claims against appellee, Option One Mortgage
Corporation, a/k/a Sand Canyon Corporation (“Option One”), and they also appeal
the trial court’s award of an injunction bond to Option One.  In three issues, the Owens argue that the
trial court erred (1) in sustaining Option One’s second special exceptions
because they were impermissibly vague and failed to identify with specificity
the inadequacies in the Owens’ petition and because the Owens did allege an
independent tort; (2) in striking portions of their fraud claims and dismissing
those claims prior to trial; and (3) in ordering the temporary injunction bond
released to Option One.

          We modify
the judgment and affirm as modified.

Background

          On
July 12, 2001, the Owens entered into an adjustable rate home equity loan serviced
by Option One.  In 2003, the Owens fell
behind on their payments and Option One initiated foreclosure proceedings.  Richard Owen then filed for Chapter 13
bankruptcy protection.  The bankruptcy
court lifted the automatic stay for Option One to proceed with
foreclosure.  

The Owens then filed this suit on
December 3, 2007, and sought temporary injunctive relief to prevent Option One
from foreclosing on their house.  The
trial court signed an agreed temporary restraining order and ordered the Owens
to post a $5,000 bond. 

The Owens’ original petition
alleged that, following their bankruptcy filing, they made all further payments
on the house pursuant to the bankruptcy plan approved by the bankruptcy court
and that all real estate taxes were to be paid pursuant to the bankruptcy
plan.  The Owens alleged that, without
their knowledge, Option One also paid the real estate taxes, resulting in
“unnecessary fees and interests against [the Owens] and highly inflating the
amount charge[d] against them.”  

          The
Owens attempted to refinance their home with the authorization of the
bankruptcy court.  They alleged that
Option One “failed to provide a timely payoff statement to the new lender,”
resulting in their being unable to refinance their home.  

In their second amended petition, the
Owens also alleged that they attempted to sell their home, again with the
authorization of the bankruptcy court, and that Option One again failed to
provide a timely payoff statement, thus causing them to lose the sale of their
home.  They also alleged that “prior to
the pending foreclosure, [they] had requested at least one reinstatement number
from [Option One] pursuant to the Loan Documents [the Deed of Trust and
Promissory Note].  The reinstatement
number provided [to the Owens] was highly inflated and contained fees and
expenses which were not owed by [the Owens].” 


          The
Owens sought a declaratory judgment, asking the court for

(1) A judicial determination
that [Option One] violated the Loan Documents by charging excessive fees and
expenses in the reinstatement numbers provided to [the Owens];

 

(2) A judicial determination
that [Option One] violated the Loan Documents by charging excessive fees and
expenses in the payoff numbers provided to [the Owens];

 

(3) A judicial determination
that [Option One] violated the Loan Documents by failing to timely provide a
payoff number in connection with [the Owens’] refinancing; and

 

(4) An order setting out the
rights and liabilities of the parties as it relates to the Loan Documents.

 

The Owens also alleged a cause of action for breach
of contract.  They alleged that Option
One “breached the Loan Documents when it paid [the Owens’] debts, which were
already being paid under the terms of Mr. Richard M. Owen’s Chapter 13
Bankruptcy Plan” and that Option One failed to provide them with a proper
accounting of the charges owed and unreasonably delayed providing a payoff
amount in connection with the attempted refinancing and with the attempted
sale.

The second amended petition also
alleged promissory estoppel based on the Owens’ allegation that Option One
“made material representations” recklessly and “without any knowledge of the
truth” regarding the Owens’ account, including that “it would timely provide a
payoff statement” and that “the amount of the payoff statement provided was
accurate,” and that the Owens justifiably relied on the representations to
their detriment.  The Owens alleged
common law fraud, arguing that Option One made “false material representations
to [the Owens] regarding the amount of the balance owed under the Loan
Documents” and that it “materially and falsely represented to [the Owens] that
[Option One] made a $6,463.26 payment to the Harris County Tax Collector for
real estate taxes owed on the property.” 
Finally, the Owens sought exemplary damages and attorney’s fees.

          Option
One filed special exceptions and its first amended answer.  Option One specially excepted to the Owens’
fraud claim on the basis that the Owens failed to plead what the false material
“representations were or when they were made”; that the Owens failed “to allege
an intentional tort (fraud) that is independent of their claim for breach of
contract” because the Owens’ allegations of fraud related to Option One’s
performance under the contract, and, thus, Option One needed “to know . . . the
facts that give rise to a tort claim independent of the allegations supporting
[the Owens’] breach of contract claim”; that the Owens failed to provide a
factual statement supporting each element of common law fraud; and that the
Owens’ allegations were conclusory and factually insufficient.

          The
trial court sustained these special exceptions, and the Owens subsequently filed
their third amended petition.  Regarding
their common law fraud claim, the Owens specified that, “On October 1, 2008,
one day before the scheduled foreclosure sale on [the Owens’] home, [Option
One’s] counsel, Ms. Lisa Cockrell, stated to Mr. Owen that the outstanding
balance due on the Loan Documents was $491,952.85” and that unless Owen
“provided a hand written confirmation of the payoff settlement in the amount .
. . [Option One] would proceed with the foreclosure sale.”  

The third amended petition added a cause
of action for “common law fraud by nondisclosure.”  They alleged,

[W]hen [the Owens] attempted
to refinance their Home with another mortgage company to pay off [Option One]
and the Loan Documents, [Option One] failed to disclose a proper accounting of
the charges owed and delayed unreasonably in providing a payoff amount in
connection with [the Owens’] refinancing. . . . 
Further, when [the Owens] attempted to sell their home to another buyer
. . . , [Option One] failed to timely provide a payoff statement and failed to
disclose a proper accounting of charges. . . . 
And prior to the pending foreclosure, [the Owens] had requested at least
one reinstatement and payoff numbers from [Option One] pursuant to the Loan
Documents.  The reinstatement and payoff
numbers provided [to the Owens] was highly inflated and contained fees and
expenses which were not owed by [the Owens]. 
These reinstatement and payoff numbers were inflated, at least in part,
by [Option One’s] misrepresentation that it made a payment in the amount of
$6,463.26 to [the] Harris County Taxing Authority for property taxes on [the
Owens’] home. . . .  [Option One had a
duty to disclose to [the Owens] an accurate accounting of the amounts due on
the Loan Documents.  The accurate
accounting of the charges, fees and interest[] due on the Loan Documents were
facts material to [the Owens] and [Option One] knew [the Owens] were ignorant
of these facts and did not have an equal opportunity to discover the
facts.  [Option One] remained
deliberately silent when it had a duty to speak.  By failing to disclose [an] accurate
accounting of the charges, fees, and interest[] due on the Loan Documents,
[Option One] intended to induce [the Owens] into paying charges, fees and
interest not owed or lose their Home in a foreclosure sale. . . .

 

The Owens’ third amended petition
also added a negligence cause of action. 
The Owens alleged that Option One owed them a duty of care in performing
services and exercising its rights under the Loan Documents, that Option One
breached this duty by failing to provide them with a proper accounting in
connection with the refinancing and attempted sale and by misrepresenting to
them that it made a payment on the real estate taxes, and that these breaches
caused the Owens harm by preventing them from completing the refinancing and
sale and by causing them to incur fees and interest they did not owe.

Option One filed its second special
exceptions.  Option One argued that the
Owens’ pleadings failed to allege an intentional tort—fraud—that was independent of their claim for breach of contract, and it cited
cases supporting the proposition that “before tort damages accrue from a
contractual matter, liability must arise independent of the fact that a
contract exists between the parties.” 
Option One also specially excepted on the ground that the Owens’ fraud
and negligence claims, because they alleged breach of a duty that arose under a
contract, “failed to allege a tort independent of the contract” between the
parties.  Option One also stated that the
pleadings for fraud failed to state a cause of action because the Owens failed
to plead facts supporting each and every element of common law fraud and
negligence.  Option One’s special
exceptions concluded, “Plaintiffs’ pleadings do not involve a tort claim
independent of their contract claim and Plaintiffs have failed to state a cause
of action for common law fraud, fraud by nondisclosure and negligence because
the allegations are conclusory and factually insufficient as discussed above. .
. .”

The trial court sustained Option
One’s second special exceptions, and the Owens amended their petition for the
fourth time.  The fourth amended petition
contained the same causes of action for declaratory judgment and breach of
contract as the previous petitions.

          The
Owens amended their common law fraud cause of action in the fourth amended
petition to allege that Option One had made a false material representation to
them regarding its payment of $6,463.26 in real estate taxes and that it had included
charges for that amount as part of their outstanding balance, that Option One
knew that its representation was false and made the representation with the
intent of making them pay the improper amount, that they justifiably and
reasonably relied on Option One’s representation, and that they were harmed by
the representation because it “inflated” their payoff amount and caused them to
lose the sale on the home.  The Owens’ fourth
amended petition also alleged common law fraud based on Option One’s
misrepresentations about the outstanding balance due in providing payoff
amounts and based on statements made by Cockrell, Option One’s attorney,
regarding the outstanding loan balance.

          The
fourth amended petition also contained an amended cause of action for common
law fraud by nondisclosure, in which the Owens alleged that Option One concealed
material facts regarding the accurate accounting of the charges, interest, and
fees owed under the Loan Documents when it failed to properly provide the
payoff amount in connection with the Owens’ attempts to refinance and sell the
home.  The Owens alleged that Option One
had a duty to disclose the payoff amount and that it deliberately stayed silent.

          Regarding
the Owens’ negligence claims, the fourth amended petition alleged that Option
One owed a duty of care in performing services and exercising its rights in
collecting the debt owed by the Owens under the Loan Documents, that Option One
breached its duty by failing to provide a proper accounting of its charges and
by including in a payoff statement amounts the Owens did not owe, including the
money Option One paid toward real estate taxes and related fees, and that the
Owens were harmed by being unable to refinance or sell their home.  Finally, the fourth amended petition
contained requests for exemplary damages and attorney’s fees, just as the prior
amended petition had.

The case proceeded to trial, and at
a pre-trial hearing, Option One moved to strike the Owens’ tort claims from the
fourth amended petition.  Option One
argued that all of the conduct alleged by the Owens related to their dealings
with each other under the terms of the Loan Documents and that the Owens had
failed to plead a basis for their tort claims independent of the breach of
contract claims.  Specifically, Option
One argued that all of the alleged misrepresentations and fraud related to the
payoff amounts and other aspects of the mortgage.  The Owens responded that in some circumstances,
a party to a contract can owe an independent duty not to make fraudulent
misrepresentations.  The trial court dismissed
all of the Owens’ tort claims from their fourth amended petition, except for the
Owens’ claim that Cockrell, Option One’s bankruptcy counsel, misrepresented the
payoff amount to the Owens with the intention of inducing them to pay off the
loan at a higher amount than was proper. 
The parties proceeded to trial primarily on the Owens’ breach of
contract and declaratory judgment claims. 


After the Owens presented their
case, Option One sought a directed verdict as to the breach of contract claims
and the claim of fraud involving Cockrell’s alleged misrepresentation of the
payoff amount to the Owens during the bankruptcy proceedings.  The Owens objected to the directed verdict on
the breach of contract claim, but, regarding the fraud claim, their attorney
stated, “I will acknowledge that Ms. Cockrell did not seem to have direct
knowledge of the payoff statement.”  The
trial court granted a directed verdict on the remaining fraud claim.  The jury found that Option One did not fail
to comply with the Loan Documents, and the trial court entered a take-nothing
judgment against the Owens and awarded the $5,000 injunction bond to Option
One.

Special Exceptions

In their first issue, the Owens
argue that the trial court erred in sustaining Option One’s second special
exceptions to the Owens’ tort claims because the special exceptions were
impermissibly vague and failed to point out with specificity the inadequacies
of the Owens’ amended petition and because the Owens’ third amended petition
did allege an independent tort.  In their
second issue, the Owens argue that the trial court erred in striking portions
of their fraud claims and dismissing those claims prior to trial, and thus
improperly limited the Owens’ remaining fraud claim to only the attorney’s
knowledge of the correctness of the payoff number.

A.   Standard of Review

A party is generally required to
file a special exception to challenge a defective pleading.  Connolly
v. Gasmire, 257 S.W.3d 831, 839 (Tex. App.—Dallas 2008, no pet.); see also Tex. R. Civ. P. 90 (providing that “[g]eneral demurrers shall
not be used” and that any “defect, omission or fault in a pleading” is waived
if not presented in writing to trial court prior to instruction or charge to
the jury or, in non-jury case, prior to trial court signing the judgment).  Texas Rule of Civil Procedure 91 provides:

A special exception shall
not only point out the particular pleading excepted to, but it shall also point
out intelligibly and with particularity the defect, omission, obscurity,
duplicity, generality, or other insufficiency in the allegations in the pleading
excepted to.

 

Tex. R. Civ. P. 91.  The purpose of special exceptions is to
furnish a party with a medium to force clarification of an adverse party’s
pleadings when they are not clear or sufficiently specific.  Connolly,
257 S.W.3d at 839.  Special exceptions
may also be used to determine whether the plaintiff has stated a cause of
action permitted by law.  Mowbray v. Avery, 76 S.W.3d 663, 677
(Tex. App.—Corpus Christi 2002, pet. denied) (citing Tex. R. Civ. P. 91).

When reviewing a trial court’s
dismissal of a cause of action following the sustaining of special exceptions,
we review the propriety of both the trial court’s decision to sustain the
special exceptions and the trial court’s order of dismissal.  Perry
v. Cohen, 285 S.W.3d 137, 142 (Tex. App.—Austin 2009, pet. denied) (citing Cole v. Hall, 864 S.W.2d 563, 566 (Tex.
App.—Dallas 1993, writ dism’d w.o.j.) (en banc)).  

We review the pleadings to
determine whether the trial court abused its discretion in granting special
exceptions.  Id. (citing Cole, 864
S.W.2d at 566 and Muecke v. Hallstead,
25 S.W.3d 221, 224 (Tex. App.—San Antonio 2000, no pet.)).  The trial court has broad discretion in
granting special exceptions to order more definite pleadings as a particular
case may require.  Id. (citing Burgess v. El
Paso Cancer Treatment Ctr., 881 S.W.2d 552, 554 (Tex. App.—El Paso 1994,
writ denied)).  A trial court abuses its discretion when
it acts without reference to any guiding rules or principles.  Id. (citing
Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241–42 (Tex. 1985)).  When
reviewing the trial court’s decision on special exceptions, we accept as true
all the material factual allegations and statements reasonably inferred from
the allegations set forth in the pleadings. 
Id. (citing Sorokolit v. Rhodes, 889 S.W.2d 239, 240
(Tex. 1994)).  

If we determine that the trial
court’s decision to grant the special exceptions was proper, we then review
whether the decision to dismiss was appropriate.  Connolly,
257 S.W.3d at 838 (citing Cole, 864
S.W.2d at 566).  

B.   Vagueness

The Owens first argue that the
trial court erred in granting Option One’s second special exceptions because
they were impermissibly vague.

Rule 91 requires that special
exceptions “point out intelligibly and with particularity” the alleged defect
or omission in the pleadings.  Tex. R. Civ. P. 91.  If special exceptions lack specificity in
pointing out how the plaintiff’s allegations are faulty, they constitute a
general demurrer, and general demurrers are prohibited by the Rules of Civil
Procedure.  See Tex. R. Civ. P.
90; see also Castano v. San Felipe Ag.,
Mfg., & Irrigation Co., 147 S.W.3d 444, 453 (Tex. App.—San Antonio
2004, no pet.) (holding that special exceptions failed “to state with
specificity the elements lacking in [plaintiff’s] petition” and thus was
general demurrer prohibited under rules and that grant of those special
exceptions “would . . . permit the [defendants] to circumvent the protective
features of the special exception procedure”).  

The Owens rely on Muecke v. Hallstead to support their
contention that Option One’s special exceptions were impermissibly vague.  In Muecke,
the defendant’s special exceptions stated that the petition “‘fails to state
any cause of action sufficient to give fair notice to [Defendant] of the claim(s)
involved,’ fails to state ‘the circumstances constituting such an allegation
with . . . any particularity,’ and ‘fail[s] to plead any of the elements constituting
a cause of action for fraud or any other cognizable claim.’”  25 S.W.3d at 224.  The court concluded that the special
exceptions were not properly granted because they did not comply with Rule 91’s
particularity requirement.  Id.

Here, however, Option One’s second
special exceptions went beyond a general allegation that the Owens failed to
state a cause of action or plead sufficient facts.  Option One’s second special exceptions
indentified specific causes of action and argued that the Owens’ pleadings failed
to allege an intentional tort that was independent of their claim for breach of
contract.  Option One cited cases
supporting its proposition that “before tort damages accrue from a contractual
matter, liability must arise independent of the fact that a contract exists
between the parties.”  Option One also
specially excepted on the ground that the Owens’ fraud and negligence claims,
as they alleged breach of a duty that arose under a contract, “failed to allege
a tort independent of the contract” between the parties.  This argument from Option One’s second
special exceptions was sufficiently specific to “point out intelligibly and
with particularity” the alleged defects in the Owens’ fourth amended
petition.  See Tex. R. Civ. P.
91; see also Mowbray, 76 S.W.3d at 677
(holding that special exceptions may be used to determine whether plaintiff has
stated cause of action permitted by law).

C.   Properly Pled Independent Tort

The Owens also argue that the trial
court erred in sustaining Option One’s second special exceptions because their third
amended petition properly pled an independent tort.

“Although a party’s actions may
breach duties in tort, contract, or both, Texas jurisprudence has long
recognized that ‘mere nonfeasance under a contract creates liability only for
breach of contract.’”  Esty v. Beal Bank S.S.B., 298 S.W.3d
280, 301 (Tex. App.—Dallas 2009, no pet.) (quoting Crawford v. Ace Sign, Inc., 917 S.W.2d 12, 13 (Tex. 1996)).  Generally, tort damages are not recoverable
unless the plaintiff suffered an injury that is independent and separate from
the economic losses recoverable under a breach of contract claim.  Id. (citing
Formosa Plastics Corp. USA v. Presidio
Eng’rs & Contractors, Inc., 960 S.W.2d 41, 45–47 (Tex. 1998)).

The Owens cite Formosa Plastics to argue that Texas law recognizes an “independent
legal duty, separate from the existence of the contract itself, preclud[ing]
the use of fraud to induce a binding agreement.”  See 960
S.W.2d at 47.  They argue that their third
amended petition alleged that Option One intentionally misrepresented the
amount due on the mortgage and “used that misrepresentation to induce the Owens
into signing an agreement containing an inflated payoff amount so that Option
One would cease the foreclosure process.” 
The Owens reference the portion of their third amended petition in which
they allege that Option One, through its attorney, provided the Owens with an
inaccurate payoff amount and that Option One’s attorney required Richard Owen
to sign a handwritten document agreeing to the payoff amount.  

However, these statements do not
allege that Option One committed fraud to induce a binding agreement because
the pleadings do not allege that the handwritten note was a separate binding
contract independent from the Loan Documents that bound the Owens to anything or
subjected them to contractual liabilty.  As
alleged by the Owens’ third amended petition, Option One’s and the Owens’ duties
all ran from the official Loan Documents. 
Because the Owens did not plead any fraud in the inducement of those
documents, they did not allege an independent tort.  See
Formosa Plastics, 960 S.W.2d at
47.

We conclude that the trial court
did not err in sustaining Option One’s second special exceptions.

We overrule the Owens’ first issue.

D.   Dismissal of Fraud Claims in Fourth
Amended Petition

In their second issue, the Owens
argue that the trial court erred in striking their fraud and negligence claims
from their fourth amended petition prior to trial.  They further argue that by striking portions
of their fraud claims, the trial court improperly limited their remaining fraud
claim based on Cockrell’s misrepresentation to only the attorney’s knowledge of
the correctness of the payoff number.

If the trial court properly granted
special exceptions, and the plaintiff refused or failed to amend its petition
in compliance with the trial court’s order, there is no error in the trial
court’s dismissal of the cause of action. 
Perry, 285 S.W.3d at 142
(citing Cole, 864 S.W.2d at 566 and Sanchez v. Hunstville Indep. Sch. Dist.,
844 S.W.2d 286, 290–91 (Tex. App.—Houston [1st Dist.] 1992, no writ)).  Furthermore,
a party does not have a right to multiple opportunities to amend in the face of
repeated grants of special exceptions, and the right to amend exists only if
the defect is curable.  See Ford v. Performance Aircraft Servs.,
Inc., 178 S.W.3d 330, 335 (Tex. App.—Fort Worth 2005, pet. denied); Mowbray, 76 S.W.3d at 678.  When
a trial court dismisses a case upon special exceptions for failure to state a
cause of action, we review the issue of law under a de novo standard.  Boales
v. Brighton Builders, Inc., 29 S.W.3d 159, 163 (Tex. App.—Houston [14th
Dist.] 2000, pet. denied)).

As we have already discussed, the
trial court correctly sustained Option One’s second special exceptions on the
ground that the Owens failed to allege an independent tort underlying its fraud
claims in the third amended petition or losses separate from those related to
the failure to perform under the initial Loan Documents.  The Owens’ had another opportunity to amend
their pleadings and filed their fourth amended petition.  However, Option One moved to strike the fraud
and negligence portions of the Owens’ fourth amended petition because it still
failed to properly state a cause of action on the Owens’ tort claims, and the
trial court agreed and dismissed the majority of those claims.

The majority of the Owens’
pleadings in their fourth amended petition allege various acts of nonfeasance
under the Loan Documents.  Option One’s
alleged duty to provide accurate and timely payoff information and other
financial information regarding the mortgage, its option to pay overdue real
estate taxes and seek reimbursement from the Owens for the taxes, fees, and
interest incurred in that process, and its obligation to act as a reasonable
loan servicer all arose out the Loan Documents. 
The Owens failed to plead any injury other than those that arose from
Option One’s or their own alleged breach of contract.  See
Esty, 298 S.W.3d at 301 (holding that “mere nonfeasance under a contract
creates liability only for breach of contract” and that tort damages are not
recoverable unless plaintiff suffered injury that is independent and separate
from economic losses recoverable under breach of contract claim).

The Owens’ fourth amended petition
constituted their second attempt to amend their pleadings in compliance with
the trial court’s grant of special exceptions for failure to plead an
independent tort, and the causes of action that were dismissed by the trial
court again failed to adequately state independent causes of action for fraud
and negligence.  Thus, the Owens refused
or were unable to amend their petition in compliance with the trial court’s
order and dismissal of these claims was proper.[1]  See
Perry, 285 S.W.3d at 142; Ford,
178 S.W.3d at 335; Mowbray, 76 S.W.3d
at 678.

We overrule the Owens’ second
issue.

Injunction Bond

In their third issue, the Owens
argue that the trial court erred in ordering the judgment bond released to
Option One because Option One never pleaded or proved any damages resulting
from the issuance of the temporary restraining order.

Option One concedes this point in
its appellate brief and agrees that the trial court’s judgment should be
modified to release the bond to the Owens. 
Therefore, we modify the judgment of the trial court by deleting the
portion of the judgment stating “ORDERED, ADJUDGED and DECREED that the Bond in
the amount of FIVE THOUSAND DOLLARS ($5,000.00) is awarded to Defendant, OPTION
ONE MORTGAGE CORPORATION and its attorneys for the preparation and attendance
of this trial.”  We add the following
statement in its place: “ORDERED, ADJUDGED and DECREED that the Bond in the
amount of FIVE THOUSAND DOLLARS ($5,000.00) is released to Plaintiffs, RICHARD
M. OWEN and MARSHA LONG OWEN.”

Conclusion

          We modify
the judgment of the trial court to release the temporary injunction bond, and
we affirm the judgment as modified.

 

 

                                                                    Evelyn V.
Keyes

                                                                   Justice


 

Panel
consists of Justices Keyes, Higley, and Bland.











[1]
          Regarding the fraud claim
based on Cockrell’s alleged misrepresentation in the bankruptcy proceeding,
which the trial court excluded from its ruling granting Option One’s pre-trial
motion to strike and allowed to proceed to trial, the Owens do not challenge
the trial court’s grant of directed verdict on that claim.  In fact, their attorney agreed to the trial
court’s directed verdict on the record at trial when his only statement in
response to Option One’s directed verdict motion on this issue was, “I will
acknowledge that Ms. Cockrell did not seem to have direct knowledge of the
payoff statement.”