**Mel SPILLMAN, Administrator of the Estate of Kay Stuart, Deceased, Appellant**

**v.**

**Alice Cynthia SIMKINS, Appellee.**

**No. 04–88–00012–CV.**

Court of Appeals of Texas, San Antonio.

Aug. 31, 1988.

Rehearing Denied Oct. 4, 1988.

Joel W. Westbrook, Edward T. Schroeder, San Antonio, for appellant.

Jack Paul Leon, Samuel H. Bayless, Leon & Bayless, San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

### OPINION

CHAPA, Justice.

Appellant is Mel Spillman, Administrator of the Estate of Kay Stuart, deceased, and appellee is Alice Cynthia Simkins. This is an appeal from a judgment dismissing appellant's cause of action after the court had stricken certain portions of appellant's pleadings which appellant refused to amend.

The issues which dispose of the appeal are

1) whether the trial court erred in granting the motion to strike paragraph "V" of Plaintiff's Third Amended Original Petition;

2) whether the trial court erred in sustaining the special exceptions as to the appellant's pleadings alleging intentional infliction of mental anguish; and

3) whether the trial court erred in sustaining the special exception as to appellant's pleadings pertaining to exemplary damages. TEX.R.APP.P. 90(a).

We reverse and remand.

The record discloses that appellant filed her original petition and voluntarily filed her first amended petition. Both pleadings contained the following paragraph:

THAT PLAINTIFF would still be in the service of Defendant, and, would still be performing fully and faithfully in her various functions had this not been made impossible by Defendant, ALICE CYNTHIA SIMKINS.

Special exceptions were sustained to some portions of Plaintiff's First Amended Petition which did not directly include paragraph V. Appellant then chose to amend, and filed her second amended petition eliminating the above paragraph entirely.

Special exceptions were again sustained as to portions of appellant's second amended petition, and appellant attempted mandamus in this court and the Supreme Court. Both attempts were rejected, and appellant chose to amend, filing her third amended petition. Appellant's Third Amended Petition included the following pleadings pertinent to this appeal:

V.

Plaintiff Stuart be [sic] would still be fully and faithfully performing her contractual obligations in the service of Defendant Simkins had not Defendant Simkins made this impossible.

\*  \*  \*  \*  \*  \*

IX.

In the course of Plaintiff's employment by Defendant and in the course of Defendant's termination of Plaintiff's contractual benefits as set forth in VI and VII, above, Defendant intentionally inflicted upon Plaintiff mental pain and anguish by the following means: verbal abuse, denigration of Plaintiff's personal worth, and deliberately developing Plaintiff's total economic isolation and consequential dependence upon Defendant's whim.

Appellee filed a motion to strike paragraph V contending that it was "but an attempt by the Plaintiff to plead indirectly and vaguely that which the Court [had] already determined should be stricken, and to circumvent the Court's prior ruling."

Appellee also filed the following special exception to Paragraph IX of appellant's third amended petition:

3. The Defendant specially excepts to paragraph IX in its entirety, upon the ground that such paragraph fails to allege a ground of recovery in that damages for mental anguish cannot be recovered for a breach of contract or for a tort arising out of a breach of contract. Further, and in the alternative, the Plaintiff has failed to allege facts sufficient to constitute the intentional infliction of mental pain and anguish.

The trial court sustained both appellee's motion to strike paragraph V, and the special exception to Paragraph IX of appellant's third amended petition. Appellant refused to amend and chose to appeal, suggesting the court dismiss her cause, which the court did. Appellant perfected the appeal.

■ Appellant's initial complaint is that the trial court erred in granting the motion to strike paragraph V. We agree.

It [is] well settled that when special exceptions addressed to the pleadings are sustained, the pleader may amend to meet the exception or refuse to amend and test the validity of the ruling on appeal. *Hubler v. City of Corpus Christi*, 564 S.W.2d 816 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Rodriguez v. Yenawine*, 556 S.W.2d 410 (Tex.Civ.App.—Austin 1977, no writ)....

*Davis v. Quality Pest Control,* 641 S.W.2d 324, 328 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.).

Appellant's paragraph V appeared in both her original and first amended petitions. Although no exceptions were directly leveled against the paragraph, appellant voluntarily amended her pleading eliminating paragraph V in her second amended petition completely. When appellant was required to amend her second amended petition, she again plead paragraph V in her third amended petition. Contrary to appellee's contentions in his motion to strike paragraph V, the record does not reflect that special exceptions were ever granted directly against paragraph V in prior pleadings and it is unclear that appellant had the opportunity to amend.[1] Therefore the trial court erred in sustaining the motion to strike TEX.R.CIV.P. 91; *Kelly v. Wright,* 144 Tex. 114, 188 S.W.2d 983 (1945).[2] The point is sustained.

■ Appellant next contends the trial court erred in sustaining the special exception as to paragraph IX pertaining to the intentional infliction of mental anguish cause. We agree.

We first turn our attention to the validity of the special exceptions leveled at the intentional infliction of mental pain and anguish cause of action.

"[S]pecial exceptions [which] present the question whether as a matter of law the plaintiff's petition states an enforceable claim, ... is analogous to the old general demurrer." *Fazekas v. University of Houston,* 565 S.W.2d 299, 302 (Tex.Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.). General demurrers are prohibited by TEX.R.CIV.P. 90.

Rule 91 [TEX.R.CIV.P. 91] provides that a special exception shall not only point out the particular pleading excepted to, but shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegation in the pleading excepted to.

The exceptions in question merely asserts that the petition failed to show any grounds for equitable relief or state a cause of action. They do not point out intelligibly and with particularity the reasons for such conclusions. Therefore, the trial court erred in sustaining them. *Kelly v. Wright, supra,* 188 S.W.2d at 985; *McCamey v. Kinnear,* 484 S.W.2d 150, 154 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.).

Appellee's brief clearly recognizes appellant's pleadings consisted of two distinct causes of action, breach of contract, and intentional infliction of mental pain and anguish. In fact, appellee concedes in his brief that recovery is permissible for intentional infliction of mental pain and anguish, but contends in his special exception that "the plaintiff has failed to allege facts sufficient to constitute the intentional infliction of mental pain and anguish." We hold that the special exception was in the nature of a general demurrer, which is prohibited by Rule 90. Further, the special exception merely contended the pleadings did not state a cause of action, and did not point out intelligibly and with particularity the reasons for such conclusions as required by Rule 91. The special exceptions were deficient and the court erred in sustaining them.

■ Assuming that the special exceptions were sufficient to require consideration, they still should have been overruled. The issue then would have been whether appellant's pleadings failed to reach the level of sufficiently alleging an intentional infliction of mental pain and anguish cause of action as alleged by the special exception.

---

1. Appropriate special exceptions would have been properly sustained as to paragraph V provided they complied with TEX.R.CIV.P. 91. However, the first and only exception was in a form of a motion to strike the paragraph from plaintiff's Third Amended Original Petition, which violated Rule 91 in making vague and global allegations that exception had previously been sustained.

2. Although the motion was called a motion to strike, it was couched in terms of alleging a prior granted special exception and we see no reason why TEX.R.CIV.P. 91 should not apply.

... The pleading attacked must be liberally construed, as a whole, in such a way as to do substantial justice. For the purpose of ruling upon the exceptions, the court must accept as true all material factual propositions alleged, whether they be evidentiary or in the form of factual conclusions, as well as all factual propositions which, by fair implication, reasonably can be inferred from the allegations.... 1 McDonald, Texas Civil Practice (1970), Vol. 3, Section 10.14.2.

*Fazekas v. University of Houston, supra,* at 302.

The object and purpose of pleading is to give fair and adequate notice to the party being sued of the nature of the cause of action asserted against him so that he may adequately prepare his defense thereto.... The plaintiff [is] not required to plead his evidence in detail and if the defendant desired more factual detail as to the basis of the claim, he had but to invoke the discovery process authorized by the rules.

*McCamey v. Kinnear, supra,* at 154.

... The test is whether an "opposing attorney of reasonable competence, with the pleadings before him, can ascertain the nature and the basic issues of the controversy and the testimony probably relevant."

*Davis v. Quality Pest Control, supra,* at 328.

Mental anguish damages are recoverable when there is proof of a willful tort, willful and wanton disregard, or gross negligence. *Farmers & Merchants State Bank v. Ferguson,* 617 S.W.2d 918 (Tex.1981); *Duncan v. Luke Johnson Ford, Inc.,* 603 S.W.2d 777 (Tex.1980).

*Luna v. North Star Dodge Sales, Inc.,* 667 S.W.2d 115, 117 (Tex.1984).

Applying the appropriate standard of review, and liberally construing the pleadings, we would hold that appellant's pleadings as to the intentional infliction of mental pain and anguish cause of action gave appellee fair and adequate notice of the cause of action against him to permit him to properly prepare his defense.

As to what level the allegations may reach is a matter of proof and "[t]he trial court is not authorized to resolve disputed issues of fact and then to use the fact established as the basis for a ruling on an exception to the petition"; *Fazekas v. University of Houston, supra* at 303; for "[j]urors are best suited to determine whether and to what extent the defendant's conduct caused compensable mental anguish by referring to their own experience." *St. Elizabeth Hosp. v. Garrard,* 730 S.W.2d 649, 654 (Tex.1987). The trial court erred in sustaining the special exceptions in question.

■ Appellant finally argues that the trial court erred in sustaining the special exception as to exemplary damages. Appellee correctly argues that if the trial court correctly sustained the special exception as to the intentional infliction of mental anguish cause of action, the court was also correct in granting the special exception as to exemplary damages. However, since the trial court erred in sustaining the exception as to the intentional infliction of mental anguish cause of action, it also erred in sustaining the exception as to exemplary damages.

The judgment is reversed and the cause remanded.