Annette S. MUECKE, Appellant,

v.

B. Thomas HALLSTEAD, Appellee.

No. 04–97–00483–CV.

Court of Appeals of Texas, San Antonio.

March 29, 2000.

222

From the 45th Judicial District Court, Bexar County; David Berchelmann, Jr., Judge Presiding.[1]

Annette S. Muecke, San Antonio, pro se.

B. Thomas Hallstead, B. Thomas Hallstead, P.C., San Antonio, Charles B. Gorham, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

---

1. The Honorable David Berchelmann, Jr., Judge of the 37th Judicial District Court, Bexar County, Texas, granted the motion to dismiss. The Honorable Juan Gallardo, sitting by appointment, signed the order sustaining Hallstead's special exceptions.

## ON MOTION FOR RECONSIDERATION EN BANC

Opinion by: SARAH B. DUNCAN, Justice.

Annette Muecke appeals the trial court's judgment dismissing her lawsuit against her former attorney, Thomas Hallstead. On original submission, the panel reversed the trial court's judgment and remanded for further proceedings. A majority of the members of this court now grants Hallstead's motion for reconsideration en banc, and we withdraw the June 30, 1999 panel opinions and judgment and substitute the opinion and judgment issued today. We hold the trial court abused its discretion in dismissing Muecke's suit and, therefore, reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

Muecke's original pro se petition alleged she consulted with Hallstead in September 1990; he represented to her he was an expert in real estate and bankruptcy; and he agreed to advise and assist her during her bankruptcy with matters relating to real estate, divorce, child support, and possible legal malpractice claims. Muecke further alleged Hallstead's "acts and fraud" caused her economic and emotional damages. Specifically, she alleged that although Hallstead represented to her and to the bankruptcy court that he was representing her and acting on her behalf in the bankruptcy proceeding, he was not; his conduct caused her to be forced out of the bankruptcy and lose her home through foreclosure; he allowed an invalid summary judgment to be taken against her; and he mislead her about the statute of limitations on her malpractice claims.

Hallstead answered, counterclaimed that Muecke's suit was frivolous, and specially excepted to Muecke's petition because it failed to (1) specify the maximum amount of damages she claimed and (2) give fair notice of her claims or plead either the elements of fraud or facts constituting fraud. These special exceptions were sustained, and Muecke was ordered to "replead a cause of action for legal malpractice and fraud, and state therein the maximum amount of damages alleged." Muecke timely filed an amended petition stating the maximum amount of damages she sought. But Muecke's amended petition was otherwise identical to her original petition.

Hallstead then moved to dismiss Muecke's case on two grounds: (1) her amended petition fails to meet the special exceptions order and (2) her amended petition fails to allege her claims were not barred by applicable statutes of limitations. The motion requested "that the Court enter an order dismissing the above-styled and numbered cause with prejudice." · The trial court granted Hallstead's motion without stating the reason for its ruling and signed a dismissal that included a Mother Hubbard clause. Muecke appealed.

### JURISDICTION

On rehearing Hallstead argues this court does not have jurisdiction over Muecke's appeal because the trial court's judgment is not final since it does not dispose of his counterclaim. We disagree. Hallstead's motion to dismiss asked the court to dismiss the entire cause with prejudice, and the trial court's order expressly grants the motion, dismisses Muecke's action with prejudice, and states that "[a]ll relief not expressly granted herein is DENIED." The order is a final appealable judgment. *See Martinez v. Humble Sand & Gravel, Inc.,* 875 S.W.2d 311, 312 (Tex. 1994) (per curiam); *Mafrige v. Ross,* 866 S.W.2d 590, 591–92 (Tex.1993). We therefore deny Hallstead's motion to dismiss Muecke's appeal for lack of jurisdiction.

### STANDARD OF REVIEW

If the trial court sustains special exceptions, the pleader may amend to meet the exceptions or stand on her plead-

ing and test the validity of the trial court's ruling on appeal. *McCamey v. Kinnear*, 484 S.W.2d 150, 152 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). We review the trial court's ruling on the special exceptions and its dismissal under an abuse of discretion standard, *Thompson v. El Centro Del Barrio*, 905 S.W.2d 356, 358 (Tex.App.—San Antonio 1995, writ denied), and "we accept as true all material factual allegations and all factual statements reasonably inferred from the allegations set forth in [the] pleadings." *Sorokolit v. Rhodes*, 889 S.W.2d 239, 240 (Tex. 1994); *see Aranda v. Insurance Co. of North America*, 748 S.W.2d 210, 213 (Tex. 1988). An abuse of discretion will be found if the trial court fails to correctly analyze or apply the law. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

### SPECIAL EXCEPTION No. 2

Muecke contends the trial court's order dismissing her case cannot be supported by her failure to replead to meet the order sustaining Hallstead's second special exception because the exception is legally insufficient. We agree.

Muecke's petition gives fair notice of her claims. *See* TEX.R. CIV. P. 45(b); *See Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) (when we liberally construe a petition, it may be sufficient even if an element of the cause of action has not been specifically alleged). Therefore, to object to the sufficiency of the petition, Hallstead was required to file a special exception that "point[ed] out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in . the pleading excepted to." TEX.R. CIV. P. 91; *see Thompson*, 905 S.W.2d at 357. An exception generally alleging a petition fails to state the elements of a cause of action or give fair notice of the claims is prohibited by the rules. TEX.R. CIV. P. 90.

■ In his second exception, Hallstead generally alleges Muecke's petition "fails to state any cause of action sufficient to give fair notice to Hallstead of the claim(s) involved," fails to state "the circumstances constituting such an allegation … with any particularity," and "fail[s] to plead any of the elements constituting a cause of action for fraud or any other cognizable claim." This exception does not comply with Rule 91, TEX.R. CIV. P., because it does not point out the specific defects in the petition. *See Kelly v. Wright*, 144 Tex. 114, 118–19, 188 S.W.2d 983, 985 (1945) (special exceptions stating that "petition … shows no cause of action," "fails to show any grounds for equitable relief," and "the allegations … form no basis of a cause of action" fail to point out intelligibly and with particularity the reasons for the stated conclusions and trial court erred in sustaining them); *Spillman v. Simkins*, 757 S.W.2d 166, 167–68 (Tex.App.—San Antonio 1988, no writ) (special exceptions that petition "fails to allege a ground of recovery" and fails "to allege facts sufficient to constitute the intentional infliction of mental pain and anguish" is in the nature of a general demurrer and trial court erred in sustaining them); *Spencer v. City of Seagoville*, 700 S.W.2d 953, 957 (Tex. App.-Dallas 1985, no writ) (although petition in § 1983 civil rights case did not allege crucial element of city custom or policy, defendant's special exception that no cause of action was stated was legally insufficient because it did not inform plaintiff of the particular defect in the pleading); *McCamey*, 484 S.W.2d at 153–54 (special exception that petition's "allegations are too general; … are a mere conclusion of the pleader; [and] … no facts are alleged on which said conclusions are based" fails to comply with Rule 91 and the trial court erred in sustaining it). We therefore hold the trial court abused its discretion in sustaining Hallstead's second special exception. Accordingly, Muecke's failure to replead in response to the order sustaining this exception cannot support the trial court's dismissal order. *See Villarreal v. Martinez*, 834 S.W.2d 450, 452 (Tex.App.—Corpus Christi 1992,

no writ); *Spillman,* 757 S.W.2d at 168–69; *McCamey,* 484 S.W.2d at 154.

### LIMITATIONS

 Muecke next contends the trial court's dismissal order cannot be supported by her failure to plead facts demonstrating her cause of action is not barred by limitations because Hallstead did not specially except to her petition on this ground. We agree in part.

 A plaintiff may plead herself out of court by affirmatively alleging facts establishing her claim is barred by limitations. *See Texas Dep't of Corrections v. Herring,* 513 S.W.2d 6, 10 (Tex.1974). However, Muecke's petition does not plead facts establishing her claims are barred by limitations; the only date alleged is the date she first consulted Hallstead; and she does not plead when the alleged wrongful conduct occurred nor when she learned of it. Moreover, Hallstead did not specially except to the petition on limitations grounds, and the trial court did not order Muecke to replead facts showing her claims are not barred by limitations. The trial court's dismissal order thus cannot be affirmed on the ground that Muecke failed to allege facts showing that her action is not barred by limitations.

### CONCLUSION

Because neither ground stated in Hallstead's motion supports the trial court's dismissal order, we reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.