*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-11-00081-CV

James **ZIMMERHANZEL** and Linda Zimmerhanzel,
Appellants

v.

J.M. **BUTZ** Jr. d/b/a Butz Land Surveying,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 2008-0148-CV
Honorable Dwight E. Peschel, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Catherine Stone, Chief Justice
               Phylis J. Speedlin, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  September 14, 2011

REVERSED AND REMANDED

Appellants James and Linda Zimmerhanzel sued appellee J.M. Butz Jr. d/b/a Butz Land Surveying for negligence, negligent misrepresentation, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). The trial court dismissed the Zimmerhanzels' negligence-related claims because the Zimmerhanzels failed to timely file a certificate of merit. The trial court then granted Butz' special exception and motion to dismiss the DTPA claims on the ground that Butz was an exempt professional under the DTPA.

On appeal, the Zimmerhanzels contend the trial court erred by sustaining Butz' special exception and dismissing their DTPA claims. We reverse and remand.

## BACKGROUND

In 2004, the Zimmerhanzels bought a house along with some additional acreage in Guadalupe County, Texas. In connection with the Zimmerhanzels' purchase, Butz conducted a survey to ascertain if the structure on the property was located in the 100-year flood plain.[1] After conducting the survey, Butz informed the Zimmerhanzels' lender that none of the structures on the property were located in the 100-year flood plain. This survey was reviewed before closing and the Zimmerhanzels' lender advised them that their home was not located in the 100-year flood plain.

After the purchase, in 2007, the Zimmerhanzels' property flooded due to heavy rain. The damage to the structure on the property was so severe, the Guadalupe County Flood Plain Manager ordered the structure be demolished. The Zimmerhanzels subsequently discovered their property was located in the 100-year flood plain. The Zimmerhanzels sued Butz and others. The Zimmerhanzels sued Butz for negligence, negligent misrepresentation, and violation of the DTPA. The trial court granted Butz' special exception and motion to dismiss on the basis that Butz rendered professional services and was therefore exempt from the DTPA. The Zimmerhanzels then perfected this appeal. Only the claims concerning Butz are at issue in this appeal.

---

[1] The Federal Emergency Management Agency ("FEMA") has identified Special Flood Hazard Areas ("SFHA"). *Nast v. State Farm Fire and Cas. Co.*, 82 S.W.3d 114, 119 n. 2 (Tex. App.—San Antonio 2002, no pet.). SFHAs are otherwise known as the 100-year flood plain. *Id.* If any of the property falls within the 100-year flood plain, the lending institution must notify the purchaser before closing so that flood insurance can be obtained. *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 245 (5th Cir. 2008).

ANALYSIS

On appeal, the Zimmerhanzels contend the trial court erred by sustaining Butz' special exception and by dismissing the Zimmerhanzels' DTPA claim. The Zimmerhanzels first argue a no-evidence motion for summary judgment, not a special exception, was the proper vehicle to raise this argument. They also argue the trial court erred because: (1) Butz, a surveyor, is not a professional under the DTPA; and (2) even if Butz is a professional for purposes of the DTPA, the exemption is not applicable because Butz made a statement of fact, not opinion.

We will review the trial court's ruling on a special exception for an abuse of discretion. *Muecke v. Hallstead*, 25 S.W.3d 221, 224 (Tex. App.—San Antonio 2000, no pet.). A special exception informs the opposing party of the defects in its pleadings, so the party, if possible, may have an opportunity to cure the defect. TEX. R. CIV. P. 91; *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 997 (Tex. 2000). "Although special exceptions are generally filed to force clarification of vague pleadings, they may also be used to determine whether the plaintiff has stated a cause of action by specifically pointing out the defect or reason that the claim is invalid." *Mowbray v. Avery*, 76 S.W.3d 663, 667 (Tex. App.—Corpus Christi 2002, pet. denied). If the plaintiff failed to state a cause of action, the trial court is entitled to dismiss the entire suit as long as the plaintiff is given an opportunity to amend the pleadings. *Id.* But, if the defect is incurable, the plaintiff need not be given the opportunity to amend and the cause of action is properly dismissed because the suit is not permitted by law. *Id*; *see also Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85, 96-97 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

Here, if Butz was entitled to the professional exemption, the Zimmerhanzels' pleading defect would be incurable and the granting of the special exception and subsequent dismissal

would be proper. *See Mowbray*, 76 S.W.3d at 667. We will, therefore, review the substance of the trial court's determination.

The DTPA was designed to "protect consumers against false, misleading, and deceptive business practices, unconscionable actions, and breaches of warranty and to provide efficient and economical procedures to secure such protection." TEX. BUS. & COM. CODE ANN. § 17.44(a) (West 2011). The DTPA provides an exemption from liability to those who render professional services because that service is based on providing advice, judgment, or opinion. TEX. BUS. & COM. CODE ANN. § 17.49 (c) (West 2011), *amended by* Act of May 28, 2011, 82d Leg., R.S., ch. 189, § 17.49, 2011 Tex. Sess. Law Serv. (West). A professional service is one that arises "out of acts particular to the individual's specialized vocation." *Nast v. State Farm Fire & Cas. Co.*, 82 S.W.3d 114, 122 (Tex. App.—San Antonio 2002, no pet.). "An act is not a professional service merely because it is performed by a professional; rather, it must be necessary for the professional to use his specialized knowledge or training." *Id.* However, the exemption does not apply to one who provides a professional service if he offered "an express misrepresentation of a material fact that cannot be characterized as advice, judgment, or opinion." TEX. BUS. & COM. CODE ANN. § 17.49 (c)(1) (West 2011), *amended by* Act of May 28, 2011, 82d Leg., R.S., ch. 189, § 17.49, 2011 Tex. Sess. Law Serv. (West).

Butz contends the Zimmerhanzels' cause of action is barred as a matter of law because he rendered professional services and is exempt from the DTPA. Butz does not offer any case law, and we find none, that classifies a land surveyor as a professional under the DTPA. However, whether or not Butz is a professional under the DTPA is not dispositive because we hold he made a misrepresentation of material fact that could not be characterized as an opinion, barring him from claiming the professional exemption. *See id.*

In *Nast v. State Farm Fire and Cas. Co.*, a State Farm insurance agent informed the plaintiffs that their property was not located in the 100-year flood plain and because their property was not located in the 100-year flood plain, the plaintiffs were not eligible for FEMA flood insurance. 82 S.W.3d at 122. After the plaintiffs' house flooded, the plaintiffs discovered their property was located in the 100-year flood plain. *Id.* We explained that whether the plaintiffs' property was located in the 100-year flood plain, and whether the plaintiffs were eligible for FEMA flood insurance, was a statement of fact, not an opinion. *Id.* We therefore held the agent was not exempt from the DTPA because he made an express misrepresentation of a material fact that could not be characterized as an opinion or advice. *Id.*

Butz informed the Zimmerhanzels their property was not located in the 100-year flood plain, when in fact it was. Based on *Nast*, we hold Butz' statement that the Zimmerhanzels' property was not located in the 100-year flood plain was a misrepresentation of fact, not an opinion. This statement was an express misrepresentation of a material fact that did not constitute an opinion, and therefore, the trial court abused its discretion by granting Butz' special exception and dismissing the Zimmerhanzels' DTPA cause of action.

### CONCLUSION

Based on the foregoing, we sustain the Zimmerhanzels' issue. Accordingly, we reverse and remand this matter to the trial court for further proceedings consistent with our opinion.

Marialyn Barnard, Justice