# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00543-CV

**Saung Park, Appellant**

**v.**

**Escalera Ranch Owners Association, Inc., Daniel Bezuidenhout,
Laura Bezuidenhout, and Associa Alliance Association Management, Appellees**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
NO. 11-683-C277, HONORABLE KEN ANDERSON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Saung Park sued his neighbors (Daniel and Laura Bezuidenhout), his homeowner's association (Escalera Ranch Owners Association, Inc.), and Escalera's management company (Associa Alliance Association Management) for water damage to his real property allegedly caused by the Bezuidenhouts' backfilling their property with soil in violation of their subdivision's applicable deed restrictions. Escalera and Associa filed joint special exceptions, which the trial court sustained. After Park failed to replead, the trial court dismissed his lawsuit with prejudice. On appeal, Park challenges the trial court's granting of the special exceptions and consequent dismissal of his lawsuit. For the reasons that follow, we will reverse the trial court's judgment of dismissal and remand this cause for further proceedings consistent with this opinion.

We address Park's third and sixth issues first, as they challenge our subject-matter jurisdiction over this appeal by claiming that the trial court's dismissal order was not a final, appealable

judgment.  *See* Tex. R. App. P. 42.3(a); *North E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966) (only final judgments may be appealed).  Specifically, Park claims that the trial court's order sustaining Escalera and Associa's special exceptions did not strike paragraph V(d) of his petition, which, he explains, asserted a cause of action against only the Bezuidenhouts for violation of their subdivision's deed restrictions.  He further emphasizes that the Bezuidenhouts did not file special exceptions.  Therefore, Park continues, the trial court's order dismissing his entire lawsuit was not a final disposition of all parties and claims because the viable cause of action alleged in paragraph V(d) still remained.

When determining whether a judgment or order is final and appealable, courts look to the substance of the order rather than its form.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001).  "The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself.  But if that intent is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment."  *Id.*

The dismissal order that Park appeals states, "Park's Original Petition and the above-referenced lawsuit are hereby dismissed with prejudice."  Because the trial court's order unequivocally dismisses the entirety of Park's petition and lawsuit, and the claims against the Bezuidenhouts were never severed from the claims against Escalera and Associa prior to this order, we hold that the order was final and, therefore, appealable.  *See Aldridge*, 400 S.W.2d at 895 (final judgment is one that disposes of all issues and all parties in case).  We overrule Park's third and sixth issues.

Park's second issue asserts that the trial court's dismissal order was erroneous because it dismissed all of his claims against the Bezuidenhouts even though the Bezuidenhouts did not file any special exceptions. *See* Tex. R. Civ. P. 90 (any defect in pleading of form or substance that is not specifically pointed out by written exception shall be deemed waived). We agree. Moreover, as noted, *no* party leveled a special exception against the petition's paragraph V(d), and therefore the trial court erred in striking that paragraph from Park's petition and dismissing the entire lawsuit. *See Lehmann*, 39 S.W.3d at 200 (judgment that grants more relief than party is entitled to is subject to reversal); *Spillman v. Simkins*, 757 S.W.2d 166, 168 (Tex. App.—San Antonio 1988, no writ) (if special exceptions are lodged against some paragraphs of petition but not others, striking unchallenged paragraphs is erroneous as to those paragraphs). We sustain Park's second issue.

Park's fourth issue—which we need only address as to Escalera and Associa—asserts that the trial court's order dismissing his remaining claims cannot be supported by his failure to replead to meet the trial court's order sustaining the special exceptions because the exceptions were either legally insufficient or improperly sustained. We agree in part.

When reviewing a trial court's dismissal of a cause of action following the sustaining of special exceptions, we review the propriety of both the trial court's decision to sustain the special exceptions and the trial court's order of dismissal. *Perry v. Cohen*, 285 S.W.3d 137, 142 (Tex. App.—Austin 2009, pet. denied). The trial court has broad discretion in granting special exceptions to order more definite pleadings as a particular case may require, and we review the trial court's ruling on special exceptions for abuse of discretion. *See id.* A trial court abuses its discretion when it acts without reference to any guiding rules and principles. *Id.* Also, because review of a trial

3

court's determination of legal principles controlling its ruling is much less deferential than that with respect to its resolution of factual matters, we will find an abuse of discretion if the trial court fails to correctly analyze or apply the law. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *Muecke v. Hallstead*, 25 S.W.3d 221, 224 (Tex. App.—San Antonio 2000, no pet.).

When reviewing a ruling on special exceptions, an appellate court must look to the rules of civil procedure and the body of case law that provides standards against which pleadings are to be measured. *Rodriguez v. Yenawine*, 556 S.W.2d 410, 414 (Tex. Civ. App.—Austin 1977, no writ). "Texas courts consistently indicate that to force a party to plead his entire case, with exactness, is not concordant with the spirit of the Rules governing pleading." *Id.* Texas follows a "fair notice" standard for pleading, in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *see* Tex. R. Civ. P. 45 ("That an allegation be evidentiary or be of legal conclusion shall not be grounds for an objection when fair notice to the opponent is given by the allegations as a whole."); *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494-95 (Tex. 1988) (Rule 45 does not require that evidence be detailed in petition).

The purpose of the fair-notice requirement is to provide the opposing party with sufficient information to enable it to prepare a defense. *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982). Therefore, to object to the sufficiency of Park's petition, Escalera and Associa were required to file a special exception that "point[ed] out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency of the allegations in the pleading excepted to."

4

Tex. R. Civ. P. 91. Rule of Civil Procedure 90 prohibits general demurrers and therefore, an exception generally alleging that a petition "fails to state the elements of a cause of action or give fair notice of the claims" is prohibited by the rules. *See id.* R. 90; *Muecke*, 25 S.W.3d at 224; *Spillman*, 757 S.W.2d at 168.

If a proper special exception has been lodged, the issue for the court is whether the plaintiff's pleadings, liberally construed, give fair and adequate notice to the defendant of the cause of action against him. *Spillman*, 757 S.W.2d at 169 (holding trial court erred in sustaining special exceptions because petition gave fair notice); *Fazekas v. University of Houston*, 565 S.W.2d 299, 302 (Tex. Civ. App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.) ("The pleading attacked [by special exception] must be liberally construed, as a whole, in such a way as to do substantial justice. For the purpose of ruling upon the exceptions, the court must accept as true all material factual propositions alleged, whether they be evidentiary or in the form of factual conclusions, as well as all factual propositions which, by fair implication, reasonably can be inferred from the allegations.").

Escalera and Associa leveled five special exceptions, corresponding to paragraphs in Park's petition purporting to assert the following causes of action: (1) violation of section 11.086 of the Texas Water Code, (2) violation of section 17.12 of the Business and Commerce Code (deceptive advertising), (3) violation of section 17.46 of the DTPA (deceptive trade practices), (4) failure to enforce section 5 of the subdivision's deed restrictions, and (5) racial and ethnic discrimination against Park. All five of the special exceptions share the following language: "Plaintiff's Petition . . . does not give fair notice of Plaintiff's claims against Defendants . . . [and] wholly fails to state any claim." These exceptions, without more, are clearly deficient as overly

5

broad and lacking the requisite particularity. *See Muecke*, 25 S.W.3d at 224; *Spillman*, 757 S.W.2d at 168; *see also* Tex. R. Civ. P. 90, 91.

Special Exception No. 3 (challenging Park's cause of action for violation of section 17.46 of the DTPA) stated nothing more of substance than the above-cited generic language and was, therefore, insufficient as a matter of law to meet the particularity requirements of the rules. *See Muecke*, 25 S.W.3d at 224. Accordingly, the trial court abused its discretion in sustaining Special Exception No. 3.

Special Exceptions Nos. 1, 2, 4, and 5 additionally alleged that "[Plaintiff's Petition] does not apprise the Defendants of how the Defendants [committed the various wrongful actions for which Park sues]." In essence, Escalera and Associa complained that Park pled insufficient facts to provide them fair notice of his allegations against them. This portion of these four exceptions arguably meets the particularity requirements of Rule 91. Therefore, we will consider each special exception separately to determine whether Park's petition sufficiently "apprised" Escalera and Associa of their alleged wrongful conduct.[1]

Special Exception No. 1 stated that paragraph V(a) of Park's petition did not "apprise the Defendants of how [they] violated the Texas Water Code." *See* Tex. Water Code § 11.086 (person whose property is injured by overflow of water caused by unlawful diversion or impounding of natural flow of surface waters may recover damages from person who caused damage). Our

---

[1] At the special-exceptions hearing, which Park (who is pro se) did not attend because he asserts he did not receive notice thereof, Escalera and Associa explained that the exceptions should be granted because of the multiple defendants involved and the petition's alleged lack of clarity regarding which causes of action Park was asserting against which defendants.

review of the petition reveals that Park alleged no facts supporting any violation of the Water Code by either Escalera or Associa. Therefore, the trial court did not abuse its discretion in sustaining this special exception.

Special Exception No. 2 stated that paragraph V(b) of Park's petition did not "apprise the Defendants of how [they] deceptively advertised." *See* Tex. Bus. & Com. Code § 17.12 (no person may disseminate statement he knows materially misrepresents character of anything he offers to sell). Our review of Park's petition reveals that both in the "factual background" section of his petition and in paragraph V(b), Park gave fair notice to Escalera of the conduct he alleged to be "deceptive advertising" on its part: posting on its website during the period when Park purchased his lot an allegedly outdated, inaccurate topographic survey of the lot. Such pleading was sufficient under Rule 45's "fair pleading" requirements, and the trial court abused its discretion in sustaining Special Exception No. 2 as to Escalera.[2] However, Park's petition alleged no deceptive advertising by Associa; therefore, the trial court did not abuse its discretion in sustaining Special Exception No. 2 as to Associa.

Special Exception No. 4 stated that paragraph V(e) of Park's petition did not "apprise the Defendants of how [they] failed to enforce the [deed] restrictions." Our review of Park's petition reveals that he alleged that Escalera and Associa were aware of the Bezuidenhouts' violation of the

---

[2] On appeal, Escalera and Associa argue that Park's petition does not allege that he qualified as a consumer under the DTPA or that he purchased his lot from either entity. However, Special Exception No. 2 did not level these particular defects; it merely stated that Park did not apprise the defendants of "how [it] deceptively advertised." *Cf. LaRue v. GeneScreen, Inc.*, 957 S.W.2d 958, 961 (Tex. App.—Beaumont 1997, pet. denied) (special exceptions specifically complaining that plaintiff was not consumer, did not allege any material misrepresentation, and did not allege breach of promise were properly sustained where plaintiff had not alleged any facts supporting such elements).

restrictions but had done nothing to enforce them, despite their prior acknowledgment (and later alleged denial) that the Bezuidenhouts were in violation of the deed restrictions' conservation-area provisions, and that Park had been thereby damaged. This pleading was sufficient under Rule 45, and the trial court abused its discretion in sustaining Special Exception No. 4.

Special Exception No. 5 stated that paragraph V(f) of Park's petition did not "apprise the Defendants of how [they] discriminated against [Park]." Park's petition contains numerous factual allegations against Escalera sufficient to put it on notice of his allegations of discrimination on the basis of race or ethnicity. The petition did not allege any facts regarding discrimination by Associa. The allegations against Escalera were sufficient under Rule 45's fair-notice requirement, and the trial court abused its discretion in sustaining Special Exception No. 5 as to Escalera. However, because Park's petition alleged no discriminatory conduct by Associa, the trial court did not abuse its discretion in sustaining Special Exception No. 5 as to Associa.

In sum, the trial court did not abuse its discretion in sustaining Escalera and Associa's Special Exception No. 1. The trial court did not abuse its discretion in sustaining Associa's Special Exceptions Nos. 2 and 5 but did abuse its discretion in sustaining Escalera's Special Exceptions Nos. 2 and 5; therefore, the court properly struck paragraphs V(b) and V(f) of Park's petition, but only as those paragraphs asserted claims against Associa. Finally, the trial court abused its discretion in sustaining Special Exceptions Nos. 3 and 4 as to both Escalera and Associa.

Live claims against each of the appellees remain, both as a result of the trial court's improper granting of special exceptions and because the Bezuidenhouts did not file special

exceptions. Accordingly, we reverse the trial court's dismissal order and remand this cause for

further proceedings consistent with this opinion.[3]

_____

David Puryear, Justice

Before Chief Justice Rose, Justices Puryear and Pemberton

Reversed and Remanded

Filed: February 13, 2015

_____

[3] We need not reach Park's remaining issues because of our disposition of his fourth issue. *See* Tex. R. App. P. 47.1 (court of appeals must hand down as brief opinion as practicable but that addresses every issue raised and necessary to final disposition of appeal).