

# NUMBER 13-13-00381-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

REVEREND RESHUNN D. CHAMBERS, TH.M,                    Appellant,

v.

AMERICAN HALLMARK INSURANCE
CO. OF TEXAS,                                          Appellee.

**On appeal from the 192nd District Court
of Dallas County, Texas.**

# OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Opinion by Justice Rodriguez**

Appellant Reverend Reshunn D. Chambers, Th.M (Chambers) appeals the trial

court's grant of summary judgment in favor of appellee, American Hallmark Insurance Co.

of Texas (Hallmark).[1]  Chambers raises three issues on appeal challenging the trial court's grant of Hallmark's "no cause of action" traditional motion for summary judgment and Hallmark's special exceptions.  We reverse and remand in part and affirm in part.

## I.    BACKGROUND

Chambers purchased a renter's insurance policy (the Policy) from Hallmark that went into effect on February 1, 2010.  The insurance policy covered the premises at 502 S.W. 16th Street in Grand Prairie, Texas.  Chambers paid $252.00 in premiums on the Policy.  On or about March 13, 2010, Chambers reported a loss of personal property from the residence identified on the Policy.  Chambers submitted his claim for coverage with Hallmark.  Hallmark claimed that the alleged theft was not a covered loss under the Policy and denied the claim.

On February 9, 2012, Chambers filed suit in the 192nd District Court of Dallas County as a pro se litigant.  Chambers's original petition purported to allege claims for negligence, violations of Chapters 541 and 542 of the Texas Insurance Code, and violations of Chapter 17 of the Texas Business and Commerce Code (DTPA).[2]  On March 12, 2012, Hallmark filed its original answer and special exceptions to Chambers's petition.  The trial court granted Hallmark's special exceptions and required Chambers to replead to:  1) "provide fair notice of the specific acts and violations alleged against [Hallmark] under the Texas Insurance Code and Texas DTPA," and 2) dismiss "any and

---

[1] This case is before the Court on transfer from the Fifth Court of Appeals in Dallas pursuant to a docket equalization order issued by the Supreme Court of Texas.  See TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

[2] Chambers titled his pleadings as "complaints."  To prevent confusion we shall refer to his pleadings as "petitions" in conformity with the Texas Rules of Civil Procedure.  TEX. R. CIV. P. 78.

all claims against [Hallmark] that constitute negligent claim handling." Chambers was given thirty days to replead.

Chambers did not file an amended petition within the thirty days provided by the court. On June 12, 2012, Hallmark filed a motion to dismiss for want of prosecution. At the hearing on Hallmark's motion to dismiss, the trial court gave Chambers an additional two weeks to file an amended petition in compliance with its order. Chambers then filed, on June 27, 2012, a motion to vacate the court's order granting Hallmark's special exceptions. The court never ruled on Chambers's motion to vacate, and Chambers filed an amended petition on July 11, 2012. Hallmark filed an amended answer and counter-claim against Chambers alleging civil fraud, among other causes of action, and asserting the affirmative defense of fraud.

Hallmark again specially excepted to Chambers's amended pleading. Chambers then filed a second amended petition alleging claims pursuant to the Texas Insurance Code and DTPA, and adding claims under the Texas Administrative Code pursuant to section 21.203. Hallmark filed a traditional motion for summary judgment on Chambers's claims and on its counter-claims.

In its motion, Hallmark sought summary judgment on the basis that Chambers had failed to plead a cause of action. Hallmark also moved for summary judgment on its affirmative defense of fraud and its counter-claims for fraud. Hallmark filed summary judgment evidence consisting of Chambers's deemed admissions, the deposition excerpts of Chambers's family members, Chambers's "sworn proof of loss" and "affidavit of property theft," the general warranty deed for the premises, and an affidavit by

Hallmark's attorney on attorneys' fees. The evidence supported Hallmark's fraud counter-claim and its affirmative defense of fraud.

After hearing the arguments of the parties, the trial court issued an order granting Hallmark's motion for summary judgment on all grounds but fraud.[3] Hallmark then non-suited its counter-claim for fraud against Chambers. The court vacated its previous order and re-issued a final judgment that disposed of all claims before the court.

This appeal followed.

## II.    PRESERVATION OF ERROR

Chambers complains of three issues on appeal: 1) summary judgment was not appropriate on the affirmative defense of fraud; 2) summary judgment was not appropriate on Chambers's pleadings, and 3) the court erred when it granted Hallmark's special exceptions on Chambers's original petition. As a threshold matter, Hallmark contends that Chambers failed to preserve error on his appellate issues.[4]

In Chambers's second issue, he is challenging the legal sufficiency of the trial court's order granting Hallmark's motion for summary judgment on his pleadings. The Texas Supreme Court has noted that a non-movant is not required to object to the legal sufficiency of a traditional motion for summary judgment to raise a complaint on appeal. *Cimarron Hydrocarbons Corp. v. Carpenter,* 143 S.W.3d 560, 562 (Tex. App.—Dallas

---

[3] In its brief, Hallmark states that the trial court "clearly denied" summary judgment on the basis of their affirmative defense of fraud. Hallmark made the following representation in its brief: "if the [c]ourt had found in favor of Hallmark on its affirmative defense of fraud, then it would likewise have found in favor of Hallmark on the counter-claim involving fraud . . . which it clearly did not."

[4] Because Hallmark's affirmative defense of fraud was not a ground on which the trial court based its order granting the summary judgment, there can be no error on that basis on appeal. We will not reach Chambers's first issue.

4

2004, pet. denied) (citing *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex. 1993)). Hallmark's contention that Chambers was required to bring forth competent summary judgment evidence misstates the burden of proof in a traditional motion for summary judgment. *See* TEX. R. CIV. P. 166a(b); *Tello v. Bank One,* 218 S.W.3d 109, 118–19 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *see also Medlock v. Comm'n for Lawyer Discipline,* 24 S.W.3d 865, 870 (Tex. App.—Texarkana 2000, no pet.). Chambers's issue on appeal challenging the legal sufficiency of the trial court's grant of summary judgment is properly before this Court.[5]

In Chambers's third issue, he challenges the trial court's grant of Hallmark's special exceptions. To preserve error, Chambers was required to object to the ruling on the special exceptions before the trial court and properly raise the issue before this Court on appeal. *See Mowbray v. Avery,* 76 S.W.3d 663, 678 (Tex. App.—Corpus Christi 2002, pet denied); *Gomez v. Tex. Windstorm Ins. Ass'n,* No. 13-04-598-CV, 2006 WL 733957, at *12 (Tex. App.—Corpus Christi March 23, 2006, pet. denied) (mem. op.); *see also* TEX. R. APP. P. 33.1. Chambers filed a "Motion to Vacate Order on Defendant's Special Exception" after the court issued its order granting Hallmark's special exceptions. Because Chambers objected to the trial court about its ruling on Hallmark's special exceptions, we find that Chambers's motion to vacate was sufficient to preserve error in the trial court. *See* TEX. R. APP. P. 33.1(c). Chambers's third issue is properly before this Court.

---

[5] Chambers only addresses his causes of action under the DTPA and Texas Insurance Code on appeal, therefore only those causes of action are preserved for appellate review. *See Young v. City of Dimmitt,* 787 S.W.2d 50, 50 (Tex. 1990).

5

### III. SUMMARY JUDGMENT ON CHAMBERS'S PLEADINGS

#### A. Standard of Review for Summary Judgment on the Pleadings

A movant may file a motion for summary judgment that, instead of proving or disproving facts, shows the non-movant has no viable cause of action or defense based on the non-movant's pleadings. *See generally Helena Lab. Corp. v. Snyder*, 886 S.W.2d 767, 768–69 (Tex. 1994) (per curiam); *Hansler v. Nueces County,* No. 13-99-00583-CV, 2001 WL 997350, at *2 (Tex. App.—Corpus Christi May 3, 2001, no pet.) (mem. op.) (stating that summary judgment can be used to establish that the nonmovant has not pled a viable cause of action). Summary judgment based on a pleading deficiency may be proper if a party has had an opportunity, by special exception, to amend and fails to do so, or files an additional defective pleading. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex. 1994); *Gallien v. Washington Mut. Home Loans, Inc*., 209 S.W.3d 856, 866 (Tex. App.—Texarkana 2006, no pet.). A review of the pleadings in such case is de novo, with the reviewing court taking all allegations, facts, and inferences in the pleadings as true and viewing them in a light most favorable to the pleader. *Natividad,* 875 S.W.2d at 699 (noting that the focus of the review is on the non-movant's pleadings at the time of the summary judgment).

If the plaintiff, after amending its petition in response to an order sustaining special exceptions, still fails to plead a valid claim, the trial court may grant summary judgment on the pleadings. *Gross v. Davies,* 882 S.W.2d 452, 454 (Tex. App.—Houston [1st Dist] 1994, writ denied) (citing *Greater S.W. Office Park, Ltd. v. Tex. Commerce Bank Nat'l Ass'n*, 786 S.W.2d 386, 388 (Tex. App.—Houston [1st Dist.] 1990, writ denied)). When

6

a motion for summary judgment is directed solely to a petition, the reviewing court must take every factual allegation in the petition as true. *Anders v. Mallard & Mallard, Inc.*, 817 S.W.2d 90, 93 (Tex. App.—Houston [1st Dist.] 1991, no writ). If a liberal construction of the petition to which the motion for summary judgment is directed reveals a valid claim, the judgment on the petition should be reversed. *Id.* We will affirm the summary judgment only if the pleadings are legally insufficient. *Natividad,* 875 S.W.2d at 699.

## B. Applicable Law

Texas follows a "fair notice" standard for pleading, in which courts assess the sufficiency of pleadings by determining whether an opposing party can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *see also* TEX. R. CIV. P. 47(a) (original pleading shall contain short statement of cause of action sufficient to give fair notice of the claim involved), 45(b) (pleading shall consist of a statement in plain and concise language of the plaintiff's cause of action; the allegation is not objectionable "when fair notice to the opponent is given by the allegations as a whole"). "Rule 45 does not require that the plaintiff set out in his pleadings the evidence upon which he relies to establish his asserted cause of action." *Dallas Area Rapid Transit v. Morris,* 434 S.W.3d 752, 760–61 (Tex. App.—Dallas 2014, pet denied) (quoting *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494–95 (Tex. 1988)).

The purpose of the fair notice requirement is to give the opposing party information sufficient to enable it to prepare a defense*. Horizon/ CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). A court will look to the pleader's intent "and the pleading

will be upheld even if some element of a cause of action has not been specifically alleged." *Morris,* 434 S.W.3d at 761 (quoting *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982)).

### C.    Analysis

Chambers's second issue challenges the trial court's grant of Hallmark's summary judgment on his pleadings.    Hallmark had previously filed special exceptions complaining that Chambers failed to state a claim on which relief could be granted. Chambers amended his petition, attaching his original petition as an exhibit.    At that time the court noted that Chambers's pro se pleading was still defective and was "offensive to this [c]ourt."    The court went on to tell Chambers that his pleadings were not amended properly.    Chambers was instructed to "[r]efine [his] pleadings, refile [sic] your lawsuit in a way that can sustain or overcome [Hallmark's] challenge."

On August 13, 2012, Chambers filed his second amended petition.    This petition specifically pled the portions of the DTPA and the Texas Insurance Code that Chambers contended Hallmark violated with sufficient facts to put Hallmark on notice of the allegations against it.    Additionally, Chambers complied with the trial court order and did not replead his claim for negligence.    We determine that Chambers made a "good faith" effort to replead his claims to state a valid cause of action in compliance with the trial court's order.    *See Humphreys v. Meadows,* 938 S.W.2d 750, 753 (Tex. App.—Fort Worth 1996, writ denied) (explaining that if the plaintiff makes a good faith effort to amend after special exceptions, the defendant is required to specially except to the amended pleadings); *but see Ford v. Performance Aircraft Servs.,* 178 S.W.3d 330, 336 (Tex. App.—Fort Worth 2005, pet. denied) (recognizing that a plaintiff's right to cure is not

unlimited).

Because the trial court had previously granted Hallmark's special exceptions, Hallmark's motion for summary judgment was an appropriate procedural tool to address continuing deficiencies. *See Friesenhahn v. Ryan,* 960 S.W.2d 656, 658 (Tex. 1998). Because Hallmark did not specially except to the second amended petition we will construe the petition liberally in favor of Chambers. *See Dallas Area Rapid Transit v. Morris,* 434 S.W.3d 752, 761 (Tex. App.—Dallas 2014, pet. denied) (stating that "in the absence of special exceptions, a petition will be construed liberally in favor of the pleader"). We will determine whether Chambers's live pleading states a claim upon which relief could be granted.

Chambers's second amended petition included a section titled "Statement of Factual Allegations," in which he pled the following relevant facts:

- Hallmark is an insurance company that writes homeowner's and renter's insurance policies in the State of Texas through a network of insurance company agents that are appointed as its agents. Virtually all policies sold by Defendant to homeowners or renters are single premium policies where the entire period of insurance coverage, . . . is paid for in one or more payments and policy is underwritten and placed into full force and effect.

- In selling single premium homeowner's insurance policies, Defendant represents that if an insured's underlying debt is paid off early or their insurance terminates, Defendant will refund the unearned portion of the homeowner's insurance premium.

- Defendant has refused or failed to promptly refund unearned portions of the homeowner's insurance premiums to insured and has unlawfully retained these premiums, unjustly enriching itself.

- Defendant maintains business policies and practices that require insureds to fulfill conditions not required by their insurance policies or by

9

law as a precondition to obtaining refunds of unearned homeowner's insurance premiums paid to Defendant by insured.

▪ Defendant has totally failed to establish procedures that are sufficient to ensure that it will receive timely notification from claims filed by insured to the extent that the claims department had terminated homeowner's policy when insured has initiated a claim of loss and property is no longer insured as a direct result of the loss.

▪ Defendant delegates premium intake and refund functions to its agents and/or claims adjusters, but Defendant grossly fail[s] to implement any meaningful audit procedures to ensure that it[s] agents and/or claims adjusters are making timely refunds owed to insureds.

Chambers also titled sections of his second amended petition "Texas Deceptive Trade Practices—Consumer Protection Act Violations" and "Texas Insurance Code Violations" where he set forth the portions of the statutes of which he was complaining.[6]

### 1. Chambers's DTPA Claims

The facts pled by Chambers, which we take as true for the purpose of this review, alleged that Hallmark represented that unearned premiums would be returned in the event of early policy termination. For instance, Chambers alleged that Hallmark violated the DTPA by "representing that a contract agreement confers or involves rights, remedies, or obligations which it does not have, nor intend to have, or which are prohibited by law."[7] TEX. BUS. & COMM. CODE § 17.46(b)(12). Chambers alleged that he paid the premium in full and that his insurance terminated before the expiration of the policy period.

---

[6] Chambers's code citations contained errors; however, we do not find that the citation errors precluded Hallmark from understanding the substantive allegations against it. *See, e.g., CKB & Assocs., Inc. v. Moore McCormack Petro., Inc.,* 809 S.W.2d 577, 586 (Tex. App.—Dallas 1991, writ denied).

[7] Chambers also alleged violations of Texas Business and Commerce Code section 17.46 (b)(5). *See* TEX. BUS. & COMM. CODE ANN. § 17.46(b)(5) (West, Westlaw through 2013 3d C.S.) (representing that goods or services have characteristics, uses, or benefits which they do not have).

Chambers further alleged that Hallmark refused to refund the unearned portion of his premium in violation of the policy, and that such action was unlawful. The specific facts in the second amended petition, taken in conjunction with the alleged statutory violations, provide fair notice of Chambers's DTPA claims. *See Low v. Henry*, 221 S.W.3d at 612; *see also* TEX. R. CIV. P. 47(a). The trial court erred in entering summary judgment on Chambers's pleadings against Hallmark under the DTPA.

### 2. Claims under the Texas Insurance Code

We likewise find that Chambers's pleadings, liberally construed, state claims for violations of the Texas Insurance Code. Chambers pled that Hallmark made misrepresentations regarding the rental policy he purchased.[8] Specifically, Chambers complained Hallmark misrepresented that he would receive a refund of any unearned premiums paid on the policy. Chambers alleged Hallmark violated sections 541.051(1)(B), 541.052; and 541.061 of the Texas Insurance Code. Those statutes make misrepresentations by an insurer, directly or through advertising, actionable. *See* TEX. INS. CODE ANN. §§ 541.051, 052, .061 (West, Westlaw through 2013 3d C.S.). Because Hallmark moved for traditional summary judgment on the pleadings, we take the facts plead by Chambers as true and do not address the merits of his claims.

Employing a liberal reading of the pleadings—as required by the Texas Rules of Civil Procedure and case law—Chambers expressly pled that Hallmark made at least two

---

[8] Chambers cited section 1153 of the Texas Insurance Code in his fact section discussing policy refunds. TEX. INS. CODE. ANN. § 1153.202 (West, Westlaw through 2013 3d C.S.) While we agree with Hallmark that section 1153 is wholly inapplicable to Chambers's claims, we note that Chambers set forth sufficient facts, without reference to section 1153, to maintain his cause of action.

representations. First, Chambers alleged that Hallmark represented that if the insurance terminated prior to the end of the policy period, then Hallmark would refund the unearned portion of the premium paid. Chambers noted that he did not receive his refund and that Hallmark failed to ensure its representatives made timely refunds. Second, Chambers pled that Hallmark maintained business policies and practices that required insureds to fulfill conditions not required by the wording in the policies or the law in order to obtain refunds. These statements were sufficient to plead a claim under the Texas Insurance Code. We find that Chambers's pleadings comply with the fair notice provisions and were sufficient to allow Hallmark to determine the nature, basic issues, and type of evidence relevant to the controversy. The trial court erred in entering summary judgment on Chambers's pleadings against Hallmark under the Texas Insurance Code. *See Low,* 221 S.W.3d at 612.

### 3.　　Chambers's Coverage Claim

Chambers also contends that the trial court erred in granting summary judgment on his coverage claim. Chambers's original petition contained allegations that could have conceivably constituted a coverage claim; however, those allegations were not included in Chambers's second amended petition. Amended pleadings supersede and supplant previous pleadings. *Smith Detective Agency & Nightwatch Serv., Inc. v. Stanley Smith Sec., Inc.,* 938 S.W.2d 743, 747 (Tex. App.—Dallas 1996, writ denied). When Chambers amended his pleadings and did not reassert his coverage claim, he effectively non-suited that claim. *See FKM P'ship v. Bd. of Regents of the Univ. of Houston Sys.,* 255 S.W.3d 619, 633 (Tex. 2008) (discussing non-suit by amended

12

petition).   Chambers therefore did not have any pleadings before the trial court on his coverage issue, and it was not included in the summary judgment.

We sustain Chambers's second issue as to his claims brought pursuant Chapter 17 of the Texas Business and Commerce Code and Chapter 541 of the Texas Insurance Code.   We overrule Chambers's issue as it applies to his coverage claim.

## IV.   SPECIAL EXCEPTIONS

By his third issue, Chambers complains that the trial court abused its discretion when it sustained Hallmark's special exceptions to his original petition.   The court ordered Chambers to 1) provide fair notice of the specific acts and violations alleged against Hallmark under the Texas Insurance Code and the DTPA, and 2) dismiss any and all claims against Hallmark that constitute negligent claim handling.   Chambers did amend his pleadings to comply with the court's order.

### A.   Standard of Review & Applicable Law

The purpose of special exceptions is to inform the opposing party of defects in its pleadings so it can cure them, if possible, by amendment.   *Auld,* 34 S.W.3d at 897.   The trial court has broad discretion to sustain special exceptions and order more definite pleadings as a particular case may require.   *See Hubler v. City of Corpus Christi*, 564 S.W.2d 816, 820 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.).   The standard of review of a trial court's dismissal upon special exceptions is de novo on the legal question of whether the pleading stated a cause of action*.   Krupicka v. White,* 584 S.W.2d 733, 737 (Tex. Civ. App.—Tyler 1979, no writ).

The trial court has wide discretion in ruling on special exceptions and its action in

13

sustaining them, where it grants leave to amend, will not be disturbed on appeal in the absence of an abuse of discretion. *Portugal v. Jackson,* 647 S.W.2d 393, 394 (Tex. App.—Waco 1983, writ ref'd n.r.e.). A trial court abuses its discretion if it: 1) reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law; 2) fails to correctly analyze or apply the law; or 3) acts without reference to any guiding rules or principles. *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

The party complaining of the pleadings must identify the particular part of the pleading challenged and point out the particular defect, omission, obscurity, duplicity, generality, or other insufficiency. *See* TEX. R. CIV. P. 91; *Muecke v. Hallstead,* 25 S.W.3d 221, 224 (Tex. App.—San Antonio 2000, no pet.). General allegations that the petition is vague, indefinite, or does not state a cause of action are not sufficient to identify the defect. *Spillman v. Simkins,* 757 S.W.2d 166, 168 (Tex. App.—San Antonio 1988, writ dism'd). If the special exception is not specific, it is a prohibited general demurrer and should be overruled. TEX. R. CIV. P. 90; *Spillman,* 757 S.W.2d at 168.

## B.    Analysis

Hallmark's special exceptions were filed with its original answer. It set out the paragraphs of Chambers's original pleading that it excepted to and identified the defective portions of the pleading. *See Spillman,* 757 S.W.2d at 168. Specifically, Hallmark excepted to the "Noncompliance with Texas Insurance Code: Unfair Settlement Practice and the Prompt Payment of Claims" section and the "Negligence" section of Chambers petition. *See id.* Hallmark requested the court order Chambers to replead to state the

14

alleged acts and omissions Hallmark committed that entitled Chambers to damages. Hallmark's exceptions were specific and were not a prohibited general demurrer. *See id.*

The trial court did not abuse its discretion sustaining Hallmark's special exceptions. We overrule Chambers's third issue.

### IV. CONCLUSION

We reverse and remand on Chambers's DTPA and Texas Insurance Code claims and affirm as to the remainder of the judgment.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
11th day of June, 2015.

15